UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-520-RJC
(3:93-cr-254-RJC-1)

| | |
|---|---|
| TERRY JACKSON BENNETT, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** comes before the Court on Petitioner's Motion to Seal Civil Case 3:16-cv-00520-RJC and Remove from the Federal Bureau of Prisons TRULINCS Computer System, (Doc. No. 20).

Petitioner pled guilty in the underlying criminal case and was sentenced to 180 months' imprisonment followed by five years of supervised release. (3:93-cr-254, Doc. No. 33). His sentence was subsequently reduced to 120 months' imprisonment. (3:93-cr-254, Doc. No. 43). Petitioner filed a § 2255 petition, case number 3:95-cv-92, that was denied on June 15, 1995. (3:93-cr-254, Doc. No. 44).

Petitioner was granted leave to file a successive § 2255 petition to attack his sentence pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015), in the instant case. The Court dismissed the petition with prejudice on March 7, 2018. (Doc. No. 12). The Order dismissing relief was sealed pursuant to Petitioner's request on July 11, 2018. (Doc. Nos. 18, 19). The Fourth Circuit dismissed Petitioner's appeal on August 21, 2018. (Doc. No. 21). The mandate issued on October 15, 2015. (Doc. No. 22).

1

While the appeal was pending, Petitioner filed the instant Motion to Seal in which he asks the Court to seal the instant case in the Federal Bureau of Prisons' TRULINCS system. (Doc. No. 20).

Petitioner's Motion will be denied to the extent that he seeks to have the instant case sealed. The Government's Response and the Court's Order have already been sealed and Petitioner has failed to identify any additional information that should be sealed or explain why sealing is necessary. See generally LCvR 6.1(a) (recognizing the presumption that materials filed in this Court will be filed unsealed); LCvR 6.1(c) (setting forth the requirements for a motion to seal).

Petitioner appears to seek injunctive relief against the Federal Bureau of Prisons, however, such a claim is not cognizable in a § 2255 action. See generally Preiser v. Rodriguez, 411 U.S. 475 (1973) (habeas and a civil rights suit pursuant to 42 U.S.C. § 1983 are mutually exclusive). A federal prisoner's claims challenging the conditions of his confinement are appropriately brought as a civil suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which is the federal equivalent of a civil rights action pursuant to 42 U.S.C. § 1983.[1] Therefore, Petitioner claim for injunctive relief against the Federal Bureau of Prisons is dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner's Motion to Seal, (Doc. No. 20), is **DISMISSED** and **DENIED**.

(2) The Clerk is instructed to mail Petitioner a prisoner civil rights complaint form.

Signed: October 26, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] The Court expresses no opinion about the merit or procedural viability of such an action.